REVISED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2012

Lyle W. Cayce
Clerk

No. 10–20802

LAUDER, INC., doing business as Houston Tribune and Heights Tribune,

Plaintiff – Appellant

v.

CITY OF HOUSTON, TEXAS,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:

This appeal involves a First Amendment challenge to a newsrack ordinance enacted by the City of Houston in 2007. The ordinance requires newsracks on the City's rights-of-way to meet certain material, size, and placement standards and requires publishers using newsracks to pay a permit fee. Lauder, Inc., the plaintiff, publishes a free monthly newspaper funded almost entirely by advertisements and uses newsracks to distribute the paper. The plaintiff alleged in its complaint that the ordinance violates the First Amendment because, among other reasons, it was not based on an established record of specific problems; it imposed detailed requirements without allowing

City officials discretion to deviate from them; and it was not sufficiently tailored to the problems it was intended to address. In response, the City asserted that the ordinance was carefully drawn; was adopted after hearing from many of those affected, who were given opportunities to express their concerns; and was modeled after similar ordinances enacted in other municipalities.

The district court held an evidentiary hearing in 2008 and denied Lauder's application for a temporary restraining order. The parties conducted discovery and the district court held a two-day bench trial. Based on the pleadings, the evidence, and the applicable legal authorities, the district court determined that Lauder's First Amendment challenge to the City's newsrack ordinance failed as a matter of law.

The district court's opinion published on November 4, 2010 was exceptionally thorough and well reasoned and we AFFIRM. See Lauder, Inc. v. City of Hous., 751 F. Supp. 2d 920 (S.D. Tex. 2010). The background presented in that opinion accurately reflects the procedural history, the facts, and the narrow nature of the newsrack ordinance.

With regard to Lauder's appeal, we determine that it is without merit for essentially the reasons stated by the district court. The City's ordinance's requirements of 20-gauge or thicker zinc-coated steel and cement bases are narrowly tailored to the City's substantial interests in public safety and aesthetics and leave open ample alternative means of distribution. The fees under the newsrack ordinance are consistent with the First Amendment because they defray the City's administrative costs. As a content-neutral time, place, and manner restriction that does not leave enforcing officials with unbridled discretion, the newsrack ordinance need not contain an explicit provision for judicial review. As did the district court, we reject Lauder's First Amendment challenges to Houston's newsrack ordinance. AFFIRMED.